Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REXIKIEL ROBERTS, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PARIS & PARIS, LLP; JEFFREY A. PARIS, an individual,<br><br>　　　　　　Defendants. | Case No.: 08-cv-2981 JSW<br><br>**CLASS ACTION**<br><br>**COMPLAINT SEEKING STATUTORY DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY TRIAL DEMAND** |

## I. INTRODUCTION

1.　Plaintiff, Rexikiel Roberts, individually and on behalf of all others similarly situated, seeks redress for the unlawful debt collection practices of Defendants in conducting their debt collection business in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## II. JURISDICTION AND VENUE

2.　This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper in this district under 28 U.S.C. §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendants transact business in this district.

## III. PARTIES

4.　Plaintiff, REXIKIEL ROBERTS ("Ms. Roberts") is an individual who resides in San Francisco, California, and is a consumer as defined at 15 U.S.C. § 1692a(3).

5.　Defendant PARIS & PARIS, LLP ("P & P") is a debt collection law firm. It

1 maintains a business office at 424 Pico Blvd., Santa Monica, CA 90405, and is amenable to service on an officer at that address.

6. Defendant P & P is a debt collector pursuant to 15 U.S.C. § 1692(a)(6).

7. Defendant JEFFREY PARIS ("Paris") is an attorney employed by Defendant P & P. He is amenable to service of process at the aforesaid address of P & P.

8. Defendant Paris is a debt collector pursuant to 15 U.S.C. § 1692(a)(6).

9. Unless otherwise stated hereafter, "Defendant" refers to Defendants P & P and Paris.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff incurred a debt to Citibank Universal Card Services, a non-party, for the purchase of goods for Plaintiff's personal and household use.

11. The debt to Citibank thereafter was sold and/or transferred to Defendant P&P.

12. Defendant sent a collection letter to Plaintiff over Defendant's law office letterhead, dated May 2, 2008. The letter purports to be signed by Defendant Paris. A copy of the letter is attached as Exhibit A.

13. Though the letter was sent over the attorney's letterhead, and purports to be signed by Defendant Paris, there was no professional review of the letter by an attorney, and Defendant Paris did not sign the letter.

14. Exhibit A was the initial communication from Defendant to Plaintiff.

15. The FDCPA, at 15 U.S.C. § 1692g(a)(4), requires the Defendant debt collector to provide Plaintiff with notice of a right to dispute the debt and obtain verification of the debt. The statute states:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.... [15 U.S.C. § 1692g(a)(4)]

16. The statute further provides that, upon such notification, the debt collector shall cease collection of the debt or any portion thereof. The statute, at 15 U.S.C. § 1692g(b), states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. [15 U.S.C. § 1692g(b)]

17. Defendant violates the FDCPA by the false, deceptive, and misleading representations in its collection actions, stating:

> You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings and we have the legal right to file a lawsuit within the 30-day period or any time thereafter wherein not only the principal and interest will be sought, but in addition court costs and attorneys fees were permitted under California law. [Exhibit A, ¶ 3]

18. The true fact is that, if Plaintiff seeks verification of the debt in accordance with 15 U.S.C. § 1692g(a)(4), as cited above, Defendant must cease collection of the debt until Defendant complies with the provisions of 15 U.S.C. § 1692g(b) as cited above.

19. Defendant's letter is a form letter, and Plaintiff, on information, alleges that the form letter has been sent to 40 or more consumers during the one year preceding the filing of the herein complaint.

20. On information, Plaintiff alleges that the Defendant Paris had no meaningful involvement in the sending of the collection letter purporting to be signed by him and over attorney letterhead.

### V. FIRST CLAIM FOR RELIEF

(Violation of the Federal Fair Debt Collection Practices Act)

21. Plaintiff incorporates all of the foregoing paragraphs.

22. Defendant, by mailing or causing to be mailed the collection letter in the form of Exhibit A, violated the following sections of the FDCPA in the following manner:

   A. 15 U.S.C. §§ 1692e and 1692e(10) by the use of a false, deceptive, and misleading representation in the collection of a debt by contradicting the provisions of 15 U.S.C. § 1692g(a)(4).

   B. 15 U.S.C. § 1692e(3) by the false representation or implication that an attorney had any meaningful involvement in the review of Plaintiff's account and authorization to send the letter.

   C. 15 U.S.C. § 1692g, by failing to provide the Plaintiff with a validation notice that was not contradicted or confused by other messages in the collection letter.

23. The collection letter, <u>Exhibit A</u>, sent over Defendant's law office letterhead without any meaningful involvement by an attorney, was a false representation that the letter was from an attorney, thereby violating 15 U.S.C. § 1692e(3).

## VI. CLASS ALLEGATIONS

24. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of <u>Exhibit A</u> (iii) to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

25. The class is so numerous that joinder of all members is impractical.

26. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

27. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendant's records.

28. Plaintiff will fairly and adequately protect the interests of the class.

29. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

30. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> violates the FDCPA, as alleged above..

31. Plaintiff's claims are typical of the claims of the class, which all arise from the

same operative acts and are based on the same legal theories.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

33. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, requests that judgment be entered in Plaintiff's favor and in favor of the class against Defendant, for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated: June 16, 2008                    /s/
                                        Irving L. Berg
                                        THE BERG LAW GROUP

                                        ATTORNEY FOR PLAINTIFF

**EXHIBIT A**

JEFFREY A. PARIS
KAREN M. PARIS
MURRAY A. ZEFFREN
RICHARD E. PARIS (OF COUNSEL)

REYNOLD F. PARIS (RETIRED)
BETTE S. PARIS (RETIRED)

THE LAW OFFICES
OF
# Paris and Paris, LLP
PARIS LAW BUILDING
424 PICO BOULEVARD
SANTA MONICA, CALIFORNIA 90405
TELEPHONE (310) 392-8722
FACSIMILE (310) 392-1768

Established 1955

NORTHERN CALIFORNIA OFFICE
4286 REDWOOD HIGHWAY, #391
SAN RAFAEL, CALIFORNIA 94903

E-Mail: PANDP424@aol.com

May 2, 2008

Rexikiel Roberts
1152 Capp Street
San Francisco, California 94110

Re:   Client:  CitiFinancial – San Francisco (9044SF)
       Balance Due of $5,923.31 plus a daily interest rate of $4.47

Dear Mr./Ms. Roberts:

This office acts as attorneys for the above creditor to whom you are indebted on an obligation, which is past due. This is an attempt to collect said debt and any information obtained will be used for that purpose.

If you do not, within 30 days after receiving this notice, dispute the validity of the debt or any part of it, we will assume the debt to be valid. If you notify **our client** within 30 days after receiving this notice that you dispute the debt or any part of it, our client will mail to you a copy of any verification, writing, or judgment evidencing the debt. If, within this 30-day period, you request, in writing, the name and address of the original creditor, our client will also provide you with that information if different from the creditor designated.

You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings and we have the legal right to file a lawsuit within the 30-day period or any time thereafter wherein not only the principal and interest will be sought, but in addition court costs and attorneys fees where permitted under California law.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under the unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade commission at 1 (877) FTC-HELP or www.ftc.gov.

Very truly yours,

Jeffrey A. Paris
for Paris and Paris

JAP:jlw
Acct # 101378

Rec'd today 5/10/08 2:00 PM.