Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REXIKIEL ROBERTS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>PARIS & PARIS, LLP; JEFFREY A. PARIS, an individual; CITIFINANCIAL, a corporation,<br><br>            Defendants. | Case No.: 08-CV-2981 JSW<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT SEEKING STATUTORY DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY TRIAL DEMAND** |

## I. INTRODUCTION

1.      Plaintiff, Rexikiel Roberts, individually and on behalf of all others similarly situated, seeks redress for the unlawful debt collection practices of Defendants in conducting their debt collection business in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## II. JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper in this district under 28 U.S.C. §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendants transact business in this district.

## III. PARTIES

4.      Plaintiff, REXIKIEL ROBERTS ("Ms. Roberts") is an individual who resides in San Francisco, California, and is a consumer as defined at 15 U.S.C. § 1692a(3).

5. Defendant PARIS & PARIS, LLP ("Paris") is a debt collection law firm. It maintains a business office at 424 Pico Blvd., Santa Monica, CA 90405, and is amenable to service on an officer at that address.

6. Defendant Paris is a debt collector pursuant to 15 U.S.C. § 1692(a)(6).

7. Defendant JEFFREY PARIS ("J. Paris") is an attorney employed by Defendant Paris. He is amenable to service of process at the aforesaid address of Paris.

8. Defendant J. Paris is a debt collector pursuant to 15 U.S.C. § 1692(a)(6).

9. Defendant CITIFINANCIAL ("Bank") is an out-of-state corporation amenable to service of process at 300 St. Paul Place, Baltimore, Maryland 21202.

10. Defendant Bank is a debt collector pursuant to 15 U.S.C. § 1692a(6).

11. Unless otherwise stated hereafter, "Defendants Paris" refers to Defendants Paris and J. Paris.

### IV.  FACTUAL ALLEGATIONS

#### A.  FACTUAL ALLEGATIONS AGAINST BANK
(Violations of 15 U.S.C. §§ 1692e(3), 1692e(10), 1692g(a)(4) & (5), and 1692g(b))

12. Some time ago, Plaintiff incurred a debt to Bank for a loan of money used to purchase consumer goods and services for her personal use.

13. Plaintiff was unable to pay the debt, and Bank initiated its collection procedures.

14. Bank, in the process of collecting its debt from Plaintiff, used a name other than its own, which would indicate a third person, i.e., Defendant Paris, is collecting or attempting to collect the debt owed by Plaintiff.

15. Defendant Bank used Defendant Paris's name and letterhead to give Plaintiff the false impression that someone other than Defendant Bank, i.e., Defendant Paris, had become involved in the effort to collect the debt that Plaintiff owed to Defendant Bank.

16. Defendant Paris was not genuinely involved in the effort to collect Bank's debt, and the letter sent by Paris to Plaintiff, Exhibit A, was not truly from Defendant Paris.

17. The letter, Exhibit A, *inter alia*, required Plaintiff to notify Bank if Plaintiff disputed the debt, and stated that, if the debt was disputed, Bank would mail to Plaintiff a copy of

1 any verification, writing, or judgment evidencing the debt, and provide the name and address of the original creditor.

18. Defendant Bank, by the conduct set forth above, is a debt collector pursuant to 15 U.S.C. § 1692a(6), i.e., "a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that "a third person is collecting or attempting to collect such debts."

**B. FACTUAL ALLEGATIONS AGAINST DEFENDANTS PARIS**
(Violations of 15 U.S.C. §§ 1692e(3), 1692e(10),
1692g(a)(4) & (5), and 1692(g)(b))

**1. Violations of 15 U.S.C. §§ 1692e(3), 1692e(10)**

19. Defendants Paris were engaged by Defendant Bank to collect a consumer debt against Plaintiff.

20. Defendants Paris sent an initial collection letter to Plaintiff attached as Exhibit A. The first paragraph of Exhibit A states:

> This office acts as attorneys for the above creditor to whom you are indebted on an obligation which is past due. This is an attempt to collect said debt and any information obtained will be used for that purpose.

21. Plaintiff alleges that the letter was designed and authorized by Defendant Bank, in concert with Defendants Paris, and was sent to Plaintiff over the attorney letterhead and signature of J. Paris to convey the authority that a letter from an attorney brings to Plaintiff.

22. Plaintiff alleges that no attorney supervised or actually controlled the procedures by which the letter was sent.

23. Plaintiff alleges no attorney had direct and personal involvement in the mailing of the letter, by reviewing Plaintiff's file to determine whether the letter should be sent.

24. At the time of issuance of the letter, Exhibit A, Defendant J. Paris, who purported to sign the letter, was not familiar with the facts of the case or prepared to pursue the case to judgment.

25. The letter, Exhibit A, as hereafter stated, directed the debtor to contact Bank for verification of the debt and prior creditor information.

FIRST AMENDED COMPLAINT                    REXIKIEL ROBERTS V. PARIS & PARIS, et al.
                                    3                                  CASE NO.: 08-CV-2981 JSW

26. <u>Exhibit A</u> falsely represented or implied that the communication was from an attorney, in violation of 15 U.S.C. § 1692e(3).

27. The Defendants use of <u>Exhibit A</u> was a false representation in collection of a debt, thereby violating 15 U.S.C. § 1692e(10).

### 2. **Violations of 15 U.S.C. §§ 1692g(a)(4) & (5)**

28. The statutorily mandated verification provision of the FDCPA requires that the debt collector provide verification of the debt and the previous creditors, if any. The subparagraphs state:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. <u>Exhibit A</u> sent by Defendants fails to provide the statutorily mandated notice in requiring requests to be made directly to the creditor, as said in <u>Exhibit A</u>:

> If you do not, within 30 days after receiving this notice, dispute the validity of the debt or any part of it, we will assume the debt to be valid. If you notify our client within 30 days after receiving this notice that you dispute the debt or any part of it, our client will mail to you a copy of any verification, writing, or judgment evidencing the debt. If, within this 30-day period, you request, in writing, the name and address of the original creditor, our client will also provide you with that information if different from the creditor designated.

### 3. **Violation of 15 U.S.C. §§ 1692(g)(b)**

30. <u>Exhibit A</u>, sent by Defendants, contradicts and confuses Plaintiff as to her rights once a dispute is registered with the debt collector. Specifically, those rights are set forth at 15 U.S.C. § 1692g(b), as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion

FIRST AMENDED COMPLAINT                                REXIKIEL ROBERTS V. PARIS & PARIS, et al.
                                          4                            CASE NO.: 08-CV-2981 JSW

thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

31. Defendants' letter, <u>Exhibit A</u>, contradicts and confuses Plaintiff as to her statutory rights by stating the following:

> You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings and we have the legal right to file a lawsuit within the 30-day period or any time thereafter wherein not only the principal and interest will be sought, but in addition court costs and attorneys fees were permitted under California law.

32. Defendants Bank, Paris, and J. Paris engage in unlawful collection practices as to Plaintiff and the class as stated herein.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF AGAINST BANK

33. Plaintiff incorporates the foregoing allegations by reference.

34. Defendant Bank is a debt collector pursuant to 15 U.S.C. § 1692a(6).

35. Defendant Bank shares the liability of Defendants Paris for the violations of 15 U.S.C. §§ 1692e(3), 1692e(10, 1692g(a)(4)(5), and 1692g(b).

### B. SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS PARIS

36. Plaintiff incorporates the foregoing allegations by reference.

37. Defendants Paris share the liability of Defendant Bank as aforesaid for violations of 15 U.S.C. §§ 1692 e(3), 1692e(10), 1692g(a)(4)(5), and 1692g(b).

## VI. CLASS ALLEGATIONS

38. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of <u>Exhibit A</u> (iii) to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

39. The class is so numerous that joinder of all members is impractical.

40. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First and Second Claims for relief.

41. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendants' records.

42. Plaintiff will fairly and adequately protect the interests of the class.

43. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

44. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendants' letter in the form of Exhibit A violates the FDCPA, as alleged above.

45. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

47. As a result of Defendants' violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

### VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, requests that judgment be entered in Plaintiff's favor and in favor of the class against Defendant, for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.   For such other relief as the Court may find to be just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated:   7/12/08                                /s/
                                                Irving L. Berg
                                                THE BERG LAW GROUP

                                                ATTORNEY FOR PLAINTIFF

**EXHIBIT A**

JEFFREY A. PARIS
KAREN M. PARIS
MURRAY A. ZEFFREN
RICHARD E. PARIS (OF COUNSEL)

REYNOLD F. PARIS (RETIRED)
BETTE S. PARIS (RETIRED)

THE LAW OFFICES
OF
**Paris and Paris, LLP**
PARIS LAW BUILDING
424 PICO BOULEVARD
SANTA MONICA, CALIFORNIA 90405
TELEPHONE (310) 392-8722
FACSIMILE (310) 392-1768
---
Established 1955

NORTHERN CALIFORNIA OFFICE
4286 REDWOOD HIGHWAY, #391
SAN RAFAEL, CALIFORNIA 94903

E-Mail: PANDP424@aol.com

May 2, 2008

Rexikiel Roberts
1152 Capp Street
San Francisco, California 94110

Re:  Client: CitiFinancial – San Francisco (9044SF)
     Balance Due of $5,923.31 plus a daily interest rate of $4.47

Dear Mr./Ms. Roberts:

This office acts as attorneys for the above creditor to whom you are indebted on an obligation, which is past due. This is an attempt to collect said debt and any information obtained will be used for that purpose.

If you do not, within 30 days after receiving this notice, dispute the validity of the debt or any part of it, we will assume the debt to be valid. If you notify **our client** within 30 days after receiving this notice that you dispute the debt or any part of it, our client will mail to you a copy of any verification, writing, or judgment evidencing the debt. If, within this 30-day period, you request, in writing, the name and address of the original creditor, our client will also provide you with that information if different from the creditor designated.

You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings and we have the legal right to file a lawsuit within the 30-day period or any time thereafter wherein not only the principal and interest will be sought, but in addition court costs and attorneys fees where permitted under California law.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under the unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade commission at 1 (877) FTC-HELP or www.ftc.gov.

Very truly yours,

Jeffrey A. Paris
for Paris and Paris

JAP:jlw
Acct # 101378

*Rec'd today 5/10/08 2:00 PM.*